## Hart *vs.* Spalding.

In an action against a common carrier for the non-delivery of goods, the value thereof at the port of discharge is the proper measure of damages. The rule asserted in *Ringgold* v. *Livingston et al.* (*ante, p.* 108,) affirmed.

An attorney, by virtue of his retainer and general control over a cause in court, has the power to bind his client, by consenting to an order of the court; and in case of such consent being given by the attorney, it cannot, after the order has been made, be revoked by the client.

APPEAL from the court of First Instance of the district of San Francisco. The action was against the defendant as a common carrier for the non-delivery of goods. All necessary facts are stated in the opinion of the court.

*E. Temple Emmett*, for plaintiff.

*Alexander Wells*, for defendant.

*By the Court*, BENNETT, J. It is difficult from the papers before us to determine the exact rights of the parties. It would seem, however, that the suit was brought to recover the value of goods claimed by the plaintiff as assignee of a bill of lading. The plaintiff upon this hypothesis, if entitled to recover at all, had a right to a judgment for the full value of the goods at this place, the port of delivery. (*Ringgold* v. *Livingston et al.* decided at the last term of this court, *ante, p.* 108.) The court of First Instance decided that the plaintiff should recover the invoice price of the goods, or, at his election, should receive the goods themselves delivered within a certain time at high water mark. The plaintiff, by his attorney, elected, in the presence of the court, to take the goods, which election was entered of record. The attorney had the power by virtue of his retainer and general control over the cause to make such election; and the subsequent revocation by the plaintiff, is of no importance. The only question, therefore, in the case, is, whether the defendant delivered the goods according to the judgment of the court and the election of the plaintiff. If he did, the plaintiff is not entitled to recover; if he did not, the plaintiff should recover the value of the goods. The cause should be remanded back to the district court for the determination of this point.

Ordered accordingly.